**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

*In Re:*

| | |
|---|---|
| **DAVID A. LUFKIN,** ) | |
| a/k/a **DAVID A. LUFKIN, ATTORNEY** ) | |
| ) | |
| **Debtor,** ) | |
| ) | |
| v. ) | No. 3:08-CV-393 |
| ) | (Phillips) |
| **WILLIAM T. HENDON, TRUSTEE** ) | |
| ) | |
| **Plaintiff/Appellee,** ) | |
| ) | |
| v. ) | |
| ) | |
| **DAVID A. LUFKIN** ) | |
| ) | |
| **Defendant/Appellant.** ) | |

## MEMORANDUM OPINION

This matter is before the Court on an appeal filed by the defendant, David A. Lufkin, Sr., from a Memorandum and Order on motion to reconsider of the Bankruptcy Court's denial of defendant's discharge under 11 U.S.C. § 727(a)(5). In addition, defendant has filed three additional motions which shall be addressed in this Memorandum and Order.

### I. PRELIMINARY MOTIONS

The first motion filed by the defendant is for this Court to take judicial notice of the following fact:

That on December 17, 1999 the Tennessee Supreme Court placed your Appellant in "Disability Status" according to the Rules promulgated by the Supreme Court of Tennessee, and that this Honorable Court received such notice by United States Mail from the clerk of the Tennessee Supreme Court, and that this Honorable Court reacted to such Notice by placing your Appellant in Suspended Status as an attorney "duly certified and qualified" to practice law before this Court.

The Court is well aware that Defendant/Appellant ("Appellant") was placed on "disability status" by the Tennessee Supreme Court, and was placed on suspended status during such period of disability. Accordingly, Defendant's motion for this Court to take Judicial Notice [Doc. 4] is **GRANTED.**

Appellant has also filed a motion entitled, "Motion to Extend Time in Which to File Brief [Doc. 3]", for an additional 30 days from the docketing of the record of appeal within which to file his brief in support of his appeal to this Court. In as much as the Appellant has now filed his brief, this Motion [Doc. 3] is **DENIED AS MOOT.**

The last preliminary matter to be addressed by the Court, is the Appellant's Motion to Amend his Brief [Doc. 11]. William T. Hendon, Trustee, the Plaintiff/Appellee (Appellee) in this Bankruptcy Appeal, has filed a response in opposition to Appellant's Motion to Amend his Brief, pointing out that the matters asserted by the Appellant in his Motion to Amend relate not to his brief but to extraneous materials not in the record or part of the lower Court's decision in the instant case. The Appellant is attempting to bring in testimony and proof that he was not willing or able to produce during the bankruptcy

proceeding, Appellee asserts, and for that reason this Court should not entertain the motion of the Appellant to amend his brief, or consider extraneous materials outside the record [Doc. 12].

While it is true that the information contained in Appellant's Motion to Amend Appellant Brief has little, if any bearing on the record before the Bankruptcy Court, it is also true that the information contained in the proposed amendment is essentially a collateral attack upon the decision of the Bankruptcy Court. Consequently, the proposed amendment is totally irrelevant to the Appellant's Appeal of the decision of the Bankruptcy Court denying Defendant's discharge under § 727(a)(5). Accordingly, the, "Motion to Amend Appellant's Brief" filed by Defendant/Appellant [Doc. 11] is **DENIED.**

## II. APPELLANT'S APPEAL

### A. Factual Background

Defendant has appealed the decision of the Bankruptcy Court granting the Trustee's Motion for Summary Judgment in this adversary proceeding, and that Court's denial of the Motion for Reconsideration entered by the Court on August 18, 2008 [Doc. 112]. In actuality, the Defendant is appealing the decision of the Bankruptcy Court denying Appellant's discharge under 11 U.S.C. § 727(a)(5) [Doc. 97]. The basis for the Court's ruling is contained in an extensive "Memorandum on Plaintiff's Motion for Partial Summary

Judgment" [Doc. 96], and in an equally cogent "Memorandum and Order on Motion to Reconsider" [Doc 105].

As pointed out by the Bankruptcy Court in its Memorandum on Plaintiff's Motion for Partial Summary Judgment, an involuntary petition was filed against the Debtor under Chapter 7 on June 14, 2000, and the Court entered the Order for Relief on July 13, 2000. The Appellee in this case was appointed Chapter 7 Trustee at that time and continues to serve in that capacity. Prior to the filing of the involuntary petition and the surrender of his law license in December 1999, the Appellant engaged in the practice of law in the State of Tennessee, operating law practices under the names of David A. Lufkin, David A. Lufkin, Attorney, David A. Lufkin, P.C., and Lufkin, Henley & Conner, PLLC.

On December 17, 1999, the Chancery Court for Knox County Tennessee, named Larry Giordano, Esq, as receiver for the Appellant. Thereafter, on January 5, 2000, Robert M. Bailey, Esq, was appointed as receiver for David A. Lufkin, David A. Lufkin, P.C., and Lufkin, Henley & Conner, PLLC. The Appellee/Trustee filed a complaint with the United States Bankruptcy Court initiating an adversary proceeding on April 27, 2001, which was superseded by an amended complaint filed on June 29, 2001, objecting to the Defendant's discharge on grounds that the Defendant: (1) intentionally and with the intent to defraud creditors transferred, concealed, removed, embezzled, and/or dissipated client funds in his possession; (2) falsified and concealed information concerning his client accounts; (3) misappropriated and converted client funds in his possession; (4) improperly

used business monies to pay personal expenses; (5) fraudulently transferred funds with the intent to hinder, delay, or defraud his creditors; and (6) failed to provide the Plaintiff with any personal or business records concerning real property, transfers of property, assets, tax information, and/or financial information.

The Appellant filed his answer on November 7, 2007, admitting only the jurisdictional statement, his address for the purposes of service of process, that he was in bankruptcy due to the involuntary petition, that the Appellee was appointed as Trustee in his case, that he supplied information to the Appellee concerning life and/or disability insurance policies that are exempt under the bankruptcy code, and that he had engaged in the practice of law prior to giving up his law license in December 1999. He expressly denied that the Appellee had stated a cause of action against which relief could be granted pursuant to § 727(a)(2)(A), (3), (4)(D), and/or (5). With respect to the remaining allegations in the amended complaint, the Appellant asserted his Fifth Amendment Rights.

In his motion for summary judgment filed on March 14, 2008, Appellee requested the Court to deny Appellant's request to be discharged under § 727(a)(3) and/or (5) and requested a summary judgment on those grounds. The Appellant, in response to a motion for partial summary judgment filed on May 9, 2008, argued that there are genuine issues of material fact and that partial summary judgment was not appropriate. In its Memorandum filed on September 26, 2008, the Bankruptcy Court found that Appellee had satisfied his burden of proof under § 727(a)(5), and the burden shifted to the Appellant to

provide a satisfactory explanation as to the dissipation of the funds in question, which the Appellant had failed to do, entitling the Appellee to Judgment as a Matter of Law. In making that determination, the Court specifically stated that it based its determination solely upon the facts and evidence in the record, and without the benefit of any negative inference drawn from the Appellant's assertion of his Fifth Amendment Rights. Accordingly, Appellee's Motion for Partial Summary Judgment with respect to Appellee's § 727(a)(5) grounds was granted, and Appellant's discharge was denied.

### B. Jurisdiction and Standard of Review

The basis of appellant jurisdiction in this Court is 28 U.S.C. § 158(a)(1) and (a)(2), and Bankruptcy Rule 8001, *et seq.* A Bankruptcy Court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo.* See *Behlke v. Eisen* (In re: Behlke), 358 F.3d 429, 433 (6th Cir. 2004). A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing Court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, 470* U.S. 564, 573 (1985); *USA v. United States Gypsum Co.*, 333 US 364 (1948). *De novo* means deciding the issue as if it had not been heard before. *In re Downs*, 103, F.3d 472 (6th Cir. 1996). No deference is given to the Bankruptcy Court's conclusions of law. *Razavi v. Commissioner*, 74 F.3rd 125 (6th Cir. 1996).

## C. Conclusion

Applying this standard of review, the Court has carefully and throughly reviewed the record on appeal, paying particular attention to the arguments made by the Appellant in support of his appeal. The Court has also carefully and throughly reviewed the authorities cited by the Bankruptcy Court and the parties.

The undersigned is in complete agreement with the findings and conclusions of the Bankruptcy Court. Because the reasoning which supports this Court's decision has already been sufficiently articulated by the Bankruptcy Judge, both in the Memorandum on Plaintiff's Motion for Partial Summary Judgment [Doc. 96] and in the Memorandum and Order on Motion to Reconsider [Doc. 105] ,this court will not issue a detailed written opinion because doing so would be an unnecessary use of judicial resources. The Court finds the decision of the Bankruptcy Court denying Appellant's discharge under § 727(a)(5) to be eminently correct. Accordingly, the Order of the Bankruptcy Court shall be affirmed upon the reasoning employed by that Court in its Memorandum on Plaintiff's Motion for Partial Summary Judgment [Doc. 96], and in the Memorandum and Order on Motion to Reconsider [Doc. 105].

**ENTER:**


     s/ Thomas W. Phillips     
United States District Judge